The Honorable Ralph D. Turlington Commissioner of Education The Capitol Tallahassee, Florida 32301
Dear Commissioner Turlington:
This is in response to your request for an opinion on substantially the following questions:
 1. DOES THE STATE BOARD OF INDEPENDENT COLLEGES AND UNIVERSITIES HAVE AUTHORITY TO GRANT A LICENSE TO "TROY STATE UNIVERSITY — FLORIDA REGION, INC.," A FLORIDA NONPROFIT CORPORATION UNDER THE PROVISIONS OF CHAPTER 246, F.S.?
 2. IS THIS ENTITY AN "OUT-OF-STATE COLLEGE" WITHIN THE PROVISIONS OF s 246.021(2), AS AMENDED BY CH. 83-325, LAWS OF FLORIDA?
As your inquiry notes, the State Board of Independent Colleges and Universities ("SBICU") licenses nonpublic postsecondary institutions pursuant to the provisions of Ch. 246, F.S., as amended, and pertinent administrative rules. Your letter states that there is currently pending an application for institutional licensure by "Troy State University — Florida Region, Inc.," hereinafter referred to as "TSU-FR, Inc."
You also offer the following background information regarding this application: Troy State University, an Alabama state institution, operated a center ("Troy State University — Florida Region," hereinafter "TSU-FR") which was a center of an out-of-state institution, licensed by SBICU to operate in Florida. At the time that it was appropriate to renew that license, renewal was sought by "TSU-FR, Inc.," a Florida nonprofit corporation, whose charter was issued April 21, 1983. However, in June of 1983, a question was raised concerning the legal status of this newly formed "TSU-FR, Inc." Subsequently, your General Counsel advised that renewal of the license could not be sought by "TSU-FR, Inc.," since transfer of a license is prohibited by Rule 6E-2.02, F.A.C. Your General Counsel also advised that this newly created corporation would have to apply independently for licensure, and that the statutes required that this be done within 60 days of approval of that corporation's articles of incorporation. Subsequently, in August of 1983, an application for institutional license was submitted; this application was formally received by the SBICU at its September 23, 1983 meeting, but was not acted upon pending a response from our office.
QUESTION ONE
Your first question asks whether the State Board of Independent Colleges and Universities has authority to grant a license to "TSU-FR, Inc." under the provisions of Ch. 246, F.S.
Such licensing questions should be determined pursuant to Ch. 120, F.S., the Florida Administrative Procedure Act, see, s 120.60, F.S., and that decision would then be subject to appellate review, see, s 120.68, F.S. The Attorney General cannot make administrative decisions for the State Board of Independent Colleges and Universities, nor can this office rule on any mixed questions of fact and law, or adjudicate whether "TSU-FR, Inc." is entitled to receive a renewal of the license formerly held by "TSU-FR."
However, in an effort to be of assistance to you, I can make the following observations concerning what would be allowed by pertinent provisions of the statutes.
"TSU-FR," a "college" as that term is defined in s 246.021(1), F.S., was licensed by the Board under the provisions of s 246.081, F.S. But "TSU-FR, Inc." constitutes a legal entity, separate and distinct from "TSU-FR." See generally, 4 Fla.Dig. Corporations s 1.3 (corporation is legal entity separate from persons composing it), ss 1.4, 1.5. See also, s 617.014 (commencement of corporate existence of not for profit corporations). Accordingly, it appears that s 246.091(1), providing for license renewal, does not apply to the application by "TSU-FR, Inc." Moreover, my research has not disclosed any provision in ss 246.011-246.151 allowing transfer of this license. See also, Rule 6E-2.02, F.A.C.
Thus, it would appear that pursuant to s 246.081(1), F.S., "TSU-FR, Inc.," as a newly established nonpublic college, was required to submit an "initial application" for a license. See also, s 246.101, F.S., fixing the license fees for initial applications for a license.
QUESTION TWO
Your second question asks if "TSU-FR, Inc." should be considered an "out-of-state college" or an "in-state college" within the meaning of s 246.021(2), F.S., as amended by Ch. 83-325, Laws of Florida.
*2938 Your letter of inquiry notes that this second question is of concern to certain North Florida institutions of higher education that would like to provide educational services to a federal air base in North Florida that are currently provided by "TSU-FR, Inc." You note that pertinent federal regulations require the base to use in-state institutions as providers of educational programs. It is not within the authority or duties of the Attorney General to interpret federal regulations or to determine the applicability thereof to particular cases or factual situations. However, in an effort to be of assistance to you, I can note the following. I have researched the written and taped materials of legislative intent available on the adoption of s 28 of Ch. 83-325, Laws of Florida, and have found no discussion of the purpose of this amendment.[1] No committee materials exist on the purpose of s 28 of this session law; no mention of s 28 was made during floor debate in either chamber. The amendment which included s 28 was made on June 24, 1983, on the floor of the House during the second special session; Ch. 83-325 was adopted with that amendment by both Houses on the same day, June 24, 1983.
Section 28 of Ch. 83-325, Laws of Florida, which amended subsection (2) of s 246.021, F.S., to provide that the incorporation in Florida of a branch or center of an out-of-state college or university shall not cause the branch or center of the college or university to be considered an in-state institution, became a law and took effect on July 12, 1983. It appears from supplemental materials you have supplied our office that "TSU-FR, Inc." was chartered as a Florida nonprofit corporation on April 21, 1983. I find no language in s 28 of Ch. 83-325 which purports to apply the newly-added provisions of subsection (2) of s 246.021(2), F.S. 1983, to the prior incorporations of educational institutions in the state of Florida, nor does s 246.021(2) purport to abort, revoke or undo what the state of Florida did at the time "TSU-FR, Inc." was incorporated on April 21, 1983. The nature of this incorporated educational institution as a Florida college or corporation, or as a nonpublic college established within the state of Florida is to be determined as of the time its articles of incorporation were issued by the Secretary of State under Ch. 617, F.S. This nonprofit corporation obviously was organized under the laws of Florida and was and continues to be a Florida corporation. Of course, this newly chartered educational institution must apply for and receive a license from the Board pursuant to ss 246.011-246.151, F.S., before it may operate as a nonpublic college in this state, but that requirement does not change or affect its nature or capacity as a domestic corporation in the state of Florida.
In brief, there is no evidence that may be gleaned from s 28 of Ch. 83-325 to establish a legislative intent that it operates other than prospectively or on future incorporations in Florida. Therefore, I am unable to say that "TSU-FR, Inc.," chartered on April 21, 1983, is in fact and law an "out-of-state college" within the meaning of s 246.021(2), F.S.
Moreover, for purposes of licensing of colleges under the jurisdiction of the SBICU, as prescribed by ss 246.011-246.151, F.S., the "out-of-state/in-state" distinction no longer possesses the significance it once had under this statute, and in short, seems to be for purposes of SBICU licensing a distinction without a difference. See, ss 246.081, 246.101; 246.021(1) (defining "college" as including both "any college chartered in this state" and "any Florida center of an out-of-state college"). See also, s 246.101 and compare s 14 of Ch. 82-203 (which removed the distinction for license fee purposes and for agents' fees purposes between colleges chartered in Florida and Florida centers of out-of-state colleges); see also, s 3 of Ch. 82-203, codified as s 246.021(1), F.S. (defining "college" to include both categories of institutions).
In summary, it is my opinion that:
 (1) The statutes and administrative rules pertinent to licensing by the State Board of Independent Colleges and Universities, do not allow transfer of licenses, and a college licensed by the Board, which is subsequently established as a nonprofit corporation under Florida law and commences a new and independent corporate existence, does not qualify for a renewal license but instead is required to submit an initial application for a license as described in s 246.081.
 (2) In the absence of any clear manifestation of a legislative intent for retroactive application of s 246.021(2), F.S. 1983, and in view of the incorporation of "Troy State University, Florida Region, Inc.," as a nonprofit corporate educational institution under the laws of Florida on April 21, 1983, I am unable to state that it is an "out-of-state college" within the meaning of s 246.021(2), which took effect on July 12, 1983.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] The language contained in s 28 of Ch. 83-325 apparently first appeared in HB 1287 and SB 1143, which were considered during the regular session of the 1983 Legislature. The matter was discussed by the Senate Education Committee on May 18, 1983, with specific mention of "TSU-FR, Inc.," by a committee member. However, these bills were "indefinitely postponed and withdrawn" by both the Senate and the House during the last days of the 1983 regular session.